GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
SETH K. KUGLER, ESQ. (SBN 304668)
(skugler@grellas.com)
550 California Street, Suite 1040
San Francisco, CA 94104
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Plaintiff CAPCONVERT, LLC

AMIR V. ADIBI (SBN 290571)
amir@adibiip.com
ANDREW C. PALMER (SBN 317897)
andrew@adibiip.com
ADIBI IP GROUP, PC
155 Montgomery Street, Suite 1010
San Francisco, California 94104
Tel: (415) 851-2566
Fax: (415) 873-2284

Attorneys for Defendants and Counterclaimants
BENJAMIN BROWN and SIGNYL LLC

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CAPCONVERT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN BROWN, an individual, SIGNYL LLC, a New York limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:26-cv-02149-CRB<br><br>**JOINT MOTION**<br><br>ORDER |

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

| |
|---|
| BENJAMIN BROWN, an individual, SIGNYL LLC, a New York limited liability company,<br><br>Counterclaimants,<br><br>vs.<br><br>CAPCONVERT, LLC, a California limited liability company, JACQUE LOEWY, an individual,<br><br>Counterdefendants. |

~~EXHIBIT D~~

## JOINT MOTION

Plaintiff Capconvert, LLC ("Capconvert") and Defendants Benjamin Brown ("Brown") and Signyl LLC ("Signyl") (collectively the "Parties"), have resolved all issues in this matter by the Confidential Settlement Agreement, attached hereto as **Exhibit A**. A material term of the Confidential Settlement Agreement is the entry of the Proposed Stipulated Permanent Injunction, attached as Exhibit B to the Confidential Settlement Agreement.

The Parties submit that good cause exists for the Court to enter the Proposed Stipulated Permanent Injunction. Specifically, the Confidential Settlement Agreement, including the Proposed Stipulated Permanent Injunction, will provide just relief on the allegations of the Complaint, including appropriate safeguards to prevent future violations of Plaintiffs' rights. Furthermore, the language of the Proposed Stipulated Permanent Injunction mirrors that of the preliminary injunction entered by this Court on May 26, 2026.

In light of the agreed-upon resolution of this action, the Parties respectfully request that the Court enter the Proposed Stipulated Permanent Injunction.

Dated: August 14, 2026

GRELLAS SHAH LLP

By: Signed by: Seth K. Kugler 25D34025CF76426...

Seth K. Kugler, Esq.
Attorneys for Plaintiff CAPCONVERT, LLC

Dated: 08 / 13 / 2026

ADIBI IP GROUP, PC

By: Andrew C. Palmer

Andrew C. Palmer, Esq.
Attorneys for Defendants and Counterclaimants
BENJAMIN BROWN and SIGNYL LLC

## ~~[PROPOSED]~~ ORDER

Having considered the Joint Motion filed by Plaintiff Capconvert, LLC ("Capconvert") and Defendants Benjamin Brown ("Brown") and Signyl LLC ("Signyl") (collectively, the "Parties"), and good cause appearing therefor, the Court hereby **GRANTS** the Joint Motion.

Accordingly, **IT IS HEREBY ORDERED** that the Proposed Stipulated Permanent Injunction, attached as Exhibit B to the Parties' Confidential Settlement Agreement and this Motion, is **ENTERED** as an order of this Court.

IT IS SO ORDERED.

DATED: August 18, 2026

Hon. Charles R. Breyer, United States District Judge

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

**CAPCONVERT, LLC:**
a California limited liability company

8/14/2026

By: Signed by: ECE3280453404E4...
Name: Jacque Loewy
Title: CEO

**BENJAMIN BROWN:**

08 / 13 / 2026

Benjamin Brown, an individual

**SIGNYL LLC:**

08 / 13 / 2026

Benjamin Brown
Title: CEO

8/14/2026

Signed by: ECE3280453404E4...

, as an intended beneficiary:

Jacque Loewy, an individual

# Exhibit B

# EXHIBIT B

## STIPULATED PERMANENT INJUNCTION

The Parties, by and through their respective counsel, having stipulated to the entry of this Permanent Injunction, and good cause appearing therefor, IT IS HEREBY ORDERED as follows:

### Definitions

**"Capconvert Materials"** means all confidential, proprietary, or trade secret information of Capconvert, whether in electronic, written, oral, visual, or other form, including, without limitation, source code, object code, software, scripts, prompts, prompt libraries, workflows, automation logic, machine learning models, datasets, databases, documentation, product specifications, customer information, customer lists, pricing information, business strategies, financial information, internal communications, research and development materials, inventions, know-how, data and customer data, and all other information or materials owned by or developed for Capconvert, and other materials derived in whole or in part therefrom. For avoidance of doubt, Capconvert Materials do not include information that is available to the general public through legitimate means.

**"Covered AI System"** means any artificial intelligence system, large language model, machine learning model, chatbot, automation, software application, script, agent, workflow, retrieval-augmented generation ("RAG") system, vector database, or other software or technology that has, directly or indirectly accessed, processed, stored, retrieved, summarized, analyzed, incorporated, embedded, trained upon, tested or been tested on, or otherwise utilized any Capconvert Materials. For the avoidance of doubt, "Covered AI System" does not include any account, system, model, tool, workflow, automation, software, or technology created or used after entry of the Preliminary Injunction, or after the Effective Date, that has not directly or indirectly accessed, processed, stored, retrieved, summarized, analyzed, incorporated, embedded, trained upon, tested on, or otherwise utilized Capconvert Materials, and that has not touched any device, account, repository, cloud storage location, or AI system containing or otherwise contaminated by Capconvert Materials.

### Permanent Injunction

1. Defendants Benjamin Brown ("Brown") and Signyl LLC ("Signyl"), together with their agents, employees, representatives, officers, board members, attorneys, insurers, subsidiaries, affiliates, successors in interest, and assigns, past and present, are PERMANENTLY ENJOINED from using, accessing, possessing, copying, reproducing, transmitting, disclosing, distributing, publishing, selling, licensing, exploiting, or otherwise making available to any person or entity any Capconvert Materials.

2. Defendants Benjamin Brown and Signyl LLC, together with their agents, employees, representatives, officers, board members, attorneys, insurers, subsidiaries, affiliates, successors in interest, and assigns, past and present, are PERMANENTLY ENJOINED from

using, accessing, operating, modifying, deploying, licensing, commercializing, transferring, or otherwise benefiting from any Covered AI System.

For the avoidance of doubt, this prohibition includes any AI agent, bot, machine learning model, or other technology that has at any time been connected directly or indirectly to Capconvert's systems, Brown's Google Drive, Brown's MacBook Air, Brown's Mac Mini, or any account or device that has previously been connected, directly or indirectly, to any of the foregoing. This prohibition includes, without limitation, any machine learning models.

3. Defendants are PERMANENTLY ENJOINED from destroying, deleting, altering, concealing, modifying, overwriting, or otherwise spoliating evidence relating to Capconvert Materials or compliance with this Permanent Injunction, except as a bona fide part of compliance with the terms of the parties' Settlement Agreement (including this order, which is incorporated by reference therein) within the time periods set forth in the Settlement Agreement or otherwise as specifically instructed in writing by Capconvert or its attorneys.

4. Defendants shall, within five (5) business days, return to Capconvert all Capconvert Materials remaining within their possession, custody, or control and shall permanently delete all remaining electronic copies of such materials except as otherwise expressly permitted by the Settlement Agreement.

5. Defendants shall fully cooperate with any audit conducted pursuant to the Settlement Agreement, including providing access to all devices, accounts, repositories, cloud storage locations, AI platform accounts, audit logs, and other electronic systems reasonably necessary to determine compliance with this Permanent Injunction.

6. Defendants shall remove the statements challenged or identified in the Ziegler Declaration (submitted in conjunction with Capconvert's Application for Temporary Restraining Order) from Signyl's website, to the extent still present, and shall not republish those statements or substantially similar statements.

7. Defendants shall not directly or indirectly assist, encourage, induce, or permit any other person or entity to engage in conduct prohibited by this Permanent Injunction.

8. The Court shall retain continuing jurisdiction to enforce, interpret, and modify this Permanent Injunction as necessary. Nothing in this Paragraph shall be construed to render the Confidential Settlement Agreement a public document.

DATED: 8/14/2026

**CAPCONVERT, LLC:**
a C … ability Company

Signed by:
Jacque Loewy
ECE3280453404E4...

By: ________________
Name: Jacque Loewy
Title: Founder & CEO

Signed by:
Jacque Loewy
ECE3280453404E4...

**Y:** ________________
Jacque Loewy, an individual

DATED: 08 / 13 / 2026

**BENJAMIN BROWN:** Benjamin Brown
_______________________________
Benjamin Brown, an individual

08 / 13 / 2026

**SIGNYL LLC:** Benjamin Brown
By: _______________________________
Name: Benjamin Brown
Title: